UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

      Plaintiff/Counter-Defendant,

vs.

JOEL PATTERSON & MARLENE
PATTERSON,

      Defendants/Counter-Plaintiffs.
_____/

Case No. 07-80063
Hon. Kenneth L. Ryskamp

## COUNTER PLAINTIFF/DEFENDANTS' RESPONSE TO GEICO'S MOTION FOR SUMMARY JUDGMENT AND COUNTER PLAINTIFF/DEFENDANTS MOTION FOR SUMMARY JUDGMENT

**COME NOW**, Defendant/CounterPlaintiffs, JOEL PATTERSON & MARLENE PATTERSON, by and through their undersigned attorney, and file this Motion for Summary Judgment:

### STATEMENT OF THE CASE

1.    This case stems from a two-car motor vehicle accident in Palm Beach Gardens, Florida on June 06, 2006, involving ANDREA PATTERSON, who was 29 years old at the time. The accident was caused by the second driver, who was uninsured.

2. Prior to this accident, due to mental health problems, ANDREA PATTERSON had been declared disabled, and had received benefits from SSI as well as New York and Florida Medicaid.

3. Prior to the accident, ANDREA PATTERSON's parents, JOEL and MARLENE PATTERSON, were her caregivers.

4. As a result of the accident, ANDREA PATTERSON sustained severe physical injuries, new psychological injuries, and this created new and additional financial obligations for her parents for her medical and life care.

5. In the present case, Defendant/Counter-Plaintiffs, JOEL and MARLENE PATTERSON seek to recover benefits from Plaintiff/Counter-Defendant, GEICO, under their UM/UIM policy due to the financial obligations mentioned in paragraph 4. (A copy of the policy was attached to Geico's original Complaint for Declaratory Judgment and the Pattersons incorporate same by reference as "Exhibit A" to this pleading.

6. The issue in the present case solely concerns the Defendant/Counter-Plaintiffs, JOEL and MARLENE PATTERSON,'s entitlement to benefit under the UM/UIM provisions of their policy with Plaintiff/Counter-Defendant, GEICO. Thus, the present case is one properly addressed by the Court through Summary Judgment.

## STATEMENT OF THE FACTS

GEICO has stipulated to the following facts (Exhibit A to Docket Entry #54)

1. That the accident occurred.

2. That Andrea sustained injuries and incurred medical bills and will require further medical care in the future.

3. That the other driver was underinsured.

4. That Andrea Patterson is a disabled adult.

5. That Joel and Marlene Patterson are her caregivers.

6. That Joel and Marlene Patterson have paid for certain of Andrea's expenses that were incurred because of the accident in question.

## STATEMENT OF THE LAW

1. Geico has already stipulated that Joel and Marlene Patterson are caregivers for their daughter. It is nonetheless worth noting that should the Pattersons ever cease caring for their daughter, she would in all probability end up dead or suffering a fate worse than death on the streets. Florida law would subject the Pattersons to criminal liability in this scenario.

**Chapter 825.102(3), Florida Statutes**, states, in pertinent part:

> **(3)(a) "Neglect of a...disabled adult" means:**
> 1. A caregiver's failure or omission to provide a...disabled adult with the care, supervision, and services necessary to maintain the...disabled

adult's physical and mental health, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine and medical services that a prudent person would consider essential for the well-being of the...disabled adult

2.  This concept is not limited to **F.S. 825.102(3)**. To cite another example, in the domestic sphere, Florida law provides for the obligation of a parent to care for a disabled son or daughter who has passed the age of 18. See **Chapter 743.07 Florida Statutes**; <u>**Sprunger v. Sprunger**</u>, 534 So.2d 925 (Fla.App. 4th DCA 1988); <u>**Fagan v. Fagan**</u>, 381 So.2d 278 (Fla.App. 5th DCA 1980). *The law does not distinguish between the obligation of a parent to support a minor child and the obligation to support a disabled adult child who the parents voluntarily support.*

3.  As Andrea Patterson's caregivers, Joel and Marlene Patterson have every right to make a claim under their UM policy with Geico.

The policy states, in pertinent part:

> **LOSSES WE PAY**
> Under the Uninsured Motorist coverage we will pay damages for bodily injury caused by accident which the insured is legally entitled to recover from the owner or operator of an uninsured auto....

4.  The Supreme Court in <u>Clay Electric v. Johnson</u>, 873 So. 2d 1182 (Fla. 2004) discusses a caregiver's right to file an independent action. In <u>Clay</u>, the estate of a minor pedestrian, *as well as the pedestrian's caregiver*, brought a negligence action against a truck driver and streetlight maintenance company to recover for the

death of a pedestrian struck by a vehicle in an area where the streetlight was inoperative. The decedent's grandmother, who was his caregiver, came upon his body at the accident scene and fainted. She properly filed suit.

5. The Fifth District in <u>Hibbard vs. McGraw</u>, 918 So. 2d 967 (Fla.App. 5th DCA 2005), discusses a parent's right to file an independent action on behalf of an injured minor. On page 970 of the opinion, the mother of the injured child was awarded past medical expenses of $104,766.44.

### SUMMARY OF THE CASE

1. Defendants/CounterPlaintiffs, JOEL and MARLENE PATTERSON, secured UM coverage with Geico to provide for payment of medical and related expenses they might incur as a result of any motor vehicle accident. As caregivers for Andrea Patterson, they have incurred medical and related expenses due to the subject motor vehicle accident. Their UM policy with Geico provides coverage under this situation.

**WHEREFORE** Defendants/CounterPlaintiffs request this Honorable Court to grant their Motion for Summary Judgment.

**I HEREBY CERTIFY** that a true copy of the foregoing was furnished by U.S. Mail to Edward J. O'Sheehan, Esq., and Frank A. Zacherl, Esq. of Shutts and Bowen,

200 East Broward Blvd., Suite 2100, Ft. Lauderdale, FL 33301 this      day of November, 2007.

                                         **METNICK, LEVY & LONG, P.A.**
*Attorneys for Appellant*
5150 Linton Boulevard # 320
Delray Beach, FL 33484
(561) 498-9979


By:      *S/Kenneth N. Metnick*
        Kenneth N. Metnick, Esquire
        Fla. Bar No: 0660957