UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80063-CIV-RYSKAMP

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Plaintiff,

vs.

ANDREA PATTERSON, JOEL
PATTERSON and MARLENE PATTERSON,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT II OF THE COUNTERCLAIM

    Plaintiff, Government Employees Insurance Company ("GEICO"), by and through undersigned counsel and pursuant to Rule 56, Fed. R. Civ. P., and Local Rule 7.5, S.D. Fla. L.R., respectfully moves this Court for entry of a final summary judgment in its favor and against Defendants as to Count II of the counterclaim, the only remaining count in this case.

    As outlined in Plaintiff's Statement of Undisputed Material Facts filed simultaneously herewith when applied to the applicable law set forth herein, there is no genuine issue of material fact in dispute and GEICO is entitled to summary judgment as a matter of law against the Pattersons, finding that there is no coverage available to the Joel and Marlene Patterson under their GEICO UM policy for the accident their adult daughter was involved in.

### I.    Standard of Review

    Pursuant to Rule 56(c), Fed.R.Civ. P., a moving party is entitled to a summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). In order to defeat a motion for summary judgment, a party may not rely on mere allegations but must raise significant probative evidence; a "mere scintilla of evidence" is insufficient to defeat a motion for summary judgment. *Louis v. Encore Computer Corp.*, 949 F. Supp. 836, 838 (S.D. Fla. 1996) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)). The substantive law applicable to the case determines which facts are material, and "if the non-moving party cannot show the existence of a genuine issue of fact upon which the trial could proceed, Rule 56(c) mandates the entry of summary judgment in favor of the moving party." *Anderson*, 477 U.S. at 248–49.

## II.   BACKGROUND

The matter arises out of a June 6, 2006, accident Andrea Patterson was involved in with an allegedly underinsured motorist.[1] At the time of the accident, Andrea Patterson was driving a vehicle that she owned in her own name. She had her own car insurance on that car with the insurer, Security National, but carried no uninsured motorists coverage with Security National. At the time of the accident, her parents (Defendants Joel and Marlene Patterson) owned two cars and had insurance with GEICO. Joel and Marlene Patterson did have uninsured motorists coverage under their policy of insurance with GEICO. This case involved both sides seeking a declaratory judgment concerning uninsured motorists ("UM") benefits. The case was initiated by GEICO filing a complaint; Defendants filed a Counterclaim in response.

---

[1]   For purposes of the motion for summary judgment, all factual allegations (many of which will be disputed by GEICO) of the counterclaim must be taken as true. Therefore for purposes of the motion the Court must deem Andrea Patterson to have been maintaining a dual residence, deem her to not be at fault for the accident, deem Andrea Patterson to be a disabled adult, and deem that Andrea Patterson's parents (Defendants Joel and Marlene Patterson) are Andrea Patterson's caregivers.

2

Judgment on the pleadings was entered as to the three counts of GEICO's complaint and Count I of Defendants/Counterclaimants counterclaim was dismissed. Count I of the counterclaim sought UM coverage for Andrea Patterson under her parents' GEICO policy and was dismissed based upon an exclusion in the GEICO policy excluding UM coverage for accidents that occur in a vehicle owned by an insured, but not insured under the GEICO policy.

Defendants/Counterclaimants last remaining theory of recovery is outlined in Count II of the Counterclaim: that Andrea Patterson's parents (Defendants Joel and Marlene Patterson) should be able to collect under the UM provisions of their UM policy with GEICO as Andrea's "caregivers."

### III. COUNT II OF THE COUNTERCLAIM

The heart of Count II of Defendants' Counterclaim is contained in paragraphs 30-34:

(30) The injuries suffered by the Plaintiff, ANDREA PATTERSON, are continuous in nature. She will continue to suffer pain, physical and permanent injury in the future, and will be further compelled to expend great sums of money for medical care and related treatment for those injuries.

(31) As ANDREA PATTERSON's care givers, Plaintiff's [sic], JOEL and MARLENE PATTERSON have been and will continue to be obligated to pay for the aforesaid medical care and related treatment.

(32) The aforesaid policy states, in pertinent part:

> **LOSSES WE PAY**
> Under the Uninsured Motorist coverage we will pay damages for bodily injury caused by accident which the insured is legally entitled to recover from the owner of operator of an uninsured auto.

(33) As ANDREA PATTERSON's care givers, Plaintiff's [sic], JOEL and MARLENE PATTERSON, are obligated under section 825.102(3) Florida Statutes to pay for her medical bills, are subject to liability under this Statute for failure to care for ANDREA PATTERSON, and are entitled to sue the uninsured tortfeasor for her medical bills due to her injuries from the accident. The UM/UIM coverage under the aforesaid policy with GEICO thus applies.

(34) Defendant, GEICO, refuses to extend uninsured/underinsured motorist coverage to Plaintiffs, JOEL and MARLENE PATTERSON, for the obligations described in paragraph 30.

## III. SUMMARY OF THE ARGUMENT

There is no coverage available for Joel and Marlene Patterson because their claim does not fall within the definition of "Losses We Pay" under the policy at issue. Further, Joel and Marlene Patterson's claim, if any, would be derivative and because Andrea Patterson, the main claimant, is precluded from recovering against the GEICO UM coverage, so too are her parents. Second, Joel and Marlene Patterson have no cause of action against the driver of the allegedly uninsured/underinsured vehicle and, because Joel and Marlene Patterson are not legally entitled to recover from that driver, there is no UM coverage available to them under their UM coverage on their GEICO insurance policy.

## IV. MEMORANDUM OF LAW

The question to be decided is one of pure law – under the contract between GEICO and Joel and Marlene Patterson and based on the facts of this case (viewed in the light most favorable to the non-moving party) -- does GEICO have a contractual duty to provide coverage to Joel and Marlene Patterson? *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 774 (11th Cir. 2000) ("The interpretation of an insurance contract is a question of law . . . .").

Assuming all of the allegations of the counterclaim to be true – that Joel and Marlene Patterson are Andrea Patterson's caregivers, that they are obligated to pay for Andrea's medical care and related treatment, and that they are or would be subject to liability for failing to care for Andrea, GEICO still, as a matter of law, has no contractual duty to pay Joel and Marlene Patterson under their auto insurance policy with GEICO for any expenses they pay on behalf of their adult daughter. The counterclaimants are seeking to turn their GEICO auto insurance

SHUTTS & BOWEN LLP / 200 EAST BROWARD BOULEVARD, SUITE 2100 / FORT LAUDERDALE, FLORIDA 33301 / (954) 524-5505

policy into something that it is not – it is not a general health insurance policy, a disability policy, or a long term care policy designed to cover any and all expenses Joel and Marlene Patterson may choose to, or may have to, pay on behalf of an adult child who is (at least for purposes of this Motion) determined to be disabled.

a. **Remaining Count of the Lawsuit**

Count II of the counterclaim (the last remaining count of this case) is a declaratory action where counterclaimants, Joel and Marlene Patterson, are asking the Court to rule that there is insurance coverage available and that GEICO has breached the insurance contract by refusing "to extend uninsured/underinsured motorist coverage to Plaintiffs, JOEL and MARLENE PATTERSON, for the obligations described in paragraph 30." *See* Counterclaim at ¶ 34. However, UM coverage is for "damages for bodily injury caused by accident which the insured is legally entitled to recover from the owner or operator of an uninsured auto" as set out in the accurate quote used by the counterclaimants in paragraph 32 of the counterclaim.

Summary judgment should be entered on Count II of the Counterclaim because:

(1) Neither Joel nor Marlene Patterson sustained damages for bodily injury caused by an accident and all bodily injury liability insurance has not been exhausted;

(2) Any claim Joel and Marlene Patterson have is a derivative claim to that of Andrea Patterson and since (based upon a valid exclusion conceded by the Pattersons[2]) Andrea Patterson is precluded from recovering against Joel and Marlene Patterson's GEICO policy, Joel and Marlene Patterson are likewise precluded; and,

---

[2] *See* D.E. 31, Defendants' Response to Plaintiff's Motion for Judgment on the Pleadings and Motion to Dismiss, paragraph 2, "Accordingly, Defendant/Counter- Plaintiffs concede Plaintiff's Motion for Judgment on the Pleadings concerning the Complaint and Count I of the Counterclaim."

(3) Joel and Marlene Patterson, as insureds, are not legally entitled to recover for any damages their adult daughter sustained from the owner or operator of the allegedly uninsured auto and section 825.102(3), Florida Statutes, does not compel a different conclusion.

### b.   No Bodily Injury to Joel or Marlene Patterson, Nor the Exhaustion of Bodily Injury Liability Insurance

The GEICO policy at issue (attached to the Complaint as Exhibit "A") provides on page 13 of 17, dealing with UM coverage:

LOSSES WE PAY

Under the Uninsured Motorist coverage we will pay damages for *bodily injury* caused by accident which the *insured* is legally entitled to recover from the owner or operator of an *uninsured auto* arising out of the ownership, maintenance or use of that auto.

However, we will not pay until the total of all bodily injury liability insurance available has been exhausted by payment of judgments or settlements.

The claims of Joel and Marlene Patterson clearly do not fall within the coverage provision of the LOSSES WE PAY under this policy. Neither Joel nor Marlene Patterson sustained damages for bodily injury for which they (the insureds) are legally entitled to recover. Neither are they legally entitled to recover from the owner or operator of the alleged uninsured motor vehicle that was in involved in an accident with Andrea Patterson, their adult daughter, on June 6, 2006. The fact that they don't even believe they are entitled to recover against the owner or operator of the alleged uninsured motor vehicle is supported by the fact that they have not submitted a claim to that uninsured driver's insurer nor filed suit against the uninsured driver.

Furthermore, under this same LOSSES WE PAY provision of the policy, GEICO is not obligated to pay until "all bodily injury liability insurance available has been exhausted by payment of judgment or settlements." Joel and Marlene Patterson have failed to allege in their pleadings that "all bodily injury liability insurance available has been exhausted by payment of

6

judgment or settlements" or to offer any proof of this fact. Moreover, the Pattersons have not offered any proof in their disclosures or other discovery to date that they have even made this claim against the alleged uninsured driver or her insurer. As such, they fail to state a cause of action – an issue that can be raised at any time in a proceeding – and summary judgment should be entered for GEICO.

### c. Derivative Nature of Joel and Marlene Patterson's Claim Preclude Recovery

Joel and Marlene Patterson were not involved in the June 6, 2006, accident. It was their daughter Andrea who was involved in the accident. However, as the Pattersons have conceded in this case, Andrea is not entitled to recover under her parents' UM coverage with GEICO because she was driving a vehicle that she owned in her own name and that was insured by Security National. Because of the "owned vehicle exclusion"[3] in Joel and Marlene Patterson's GEICO policy (among other reasons), Andrea Patterson is not entitled to directly recover under her parent's GEICO policy.[4] This exclusion precludes Andrea's recovery against her parents' GEICO policy even if it is true that she was an insured, that she was a resident relative, that she was a disabled adult, and that she was a dependant of her parents and that she was not at fault for the accident. This point was conceded by the Patterson in D.E. 31 referenced above and the Court entered judgment accordingly. *See* D.E. 33 – Order Granting GEICO'S Motion for Judgment on the Pleadings and Motion to Dismiss Count I of the Counterclaim. It was Count I

---

[3] "Bodily injury to an insured while occupying or when struck by any motor vehicle or motorcycle owned by an insured or a relative, which is not insured under the Liability Coverages section of this policy, is not covered."

[4] The "owned vehicle exclusion" is not the only reason GEICO believes Andrea Patterson is not entitled to recover against her parents' UM policy, but it was the only reason that could appropriately be asserted as part of a motion to dismiss where the facts of the non-moving party have to be taken as true. Other reasons GEICO asserts Andrea Patterson would not be entitled to recover (but would require factual determinations) are: (1) Andrea is not legally entitled to recover against the driver of the alleged uninsured vehicle because the accident was Andrea's fault; and, (2) there is no coverage available for Andrea because she was not a resident relative of the Joel and Marlene Patterson as Andrea maintained her own apartment.

of the Counterclaim that sought coverage for Andrea Patterson under her parents' UM coverage with GEICO.

In Count II, the only remaining count in this case, Andrea's parents are seeking a declaration that their derivative claim should be covered by their UM coverage on their own GEICO policy, even though it is conceded that Andrea cannot directly recover against this policy. In *Valiant Insurance Co. v. Webster*, 567 So. 2d 408, 411 (Fla. 1990), the Florida Supreme Court stated:

> While the Wrongful Death Act creates independent claims for the survivors, these claims are also derivative in the sense that they are dependent upon a wrong committed upon another person.

*Valiant* at 411.

While the Wrongful Death Act gives parents of deceased minor children a right to recover for their mental pain and suffering, it also requires that the injured child must have been able to recover damages if death had not ensued. *See* section 768.19, Florida Statutes and *Auto-Owners Ins. Co. v. DeJohn,* 640 So. 2d 159, 160 (5th DCA 1994).

This is not a wrongful death case and Joel and Marlene Patterson do not have a statutory cause of action established by a legislative act such as is available in a wrongful death case. Even if it were a wrongful death case, Joel and Marlene Patterson would not be able to recover because Andrea is excluded from coverage and therefore her parents' derivative claims are likewise excluded. While there may be factual issues with regard to who caused the accident of June 6, 2006, and whether Andrea Patterson would be "legally entitled" to recover against the alleged underinsured motorist – the fact that Andrea Patterson is not entitled to recover against her parents' GEICO policy is not disputed. This was conceded by the Pattersons [D.E. 31] and an Order was entered by the Court on this issue [D.E. 33]. The fact that Andrea cannot recover is established as a matter of law for this case.

8

As such, the Pattersons are, in essence, asking this Court to make new law. They are asking the Court to create a new cause of action in the State of Florida which will greatly increase the exposure to insurance companies for potential claims that were not considered in the underwriting process. They are asking the Court to allow a cause of action for parents of disabled adults in the same type manner as claims are allowed by parents for minor children who live with the parent. No statute allows for such a cause of action and there are no cases that allow for such a cause of action.

Finally, outside of the wrongful death context, *Cruz v. Broward County School Bd.*, 800 So. 2d 213 (Fla. 2001), provides guidance for the case at hand. In *Cruz,* the Florida Supreme Court held that:

> Indeed, in Florida, a parent is not entitled to any claim for damages when an adult child incurs personal injuries due to the tortious conduct of another. It would make little sense to allow for damages into the adulthood of a child in the one instance but not in the other. Accordingly, we hold that under Dempsey the parents' claim is limited to the child's minority.

*Id.* at 217.

Andrea Patterson is over the age of 18 and is now an adult child of Joel and Andrea Patterson. (*See* Exhibit 1 to Deposition of Andrea Patterson – her Florida ID card establishing her date of birth as February 17, 1979).

Since it is conceded and decided that Andrea Patterson's claim is excluded from coverage under Joel and Marlene Patterson's GEICO policy, as a matter of law, Joel and Marlene Patterson's derivative claims are also precluded and summary judgment should be entered in GEICO's favor.

SHUTTS & BOWEN LLP / 200 EAST BROWARD BOULEVARD, SUITE 2100 / FORT LAUDERDALE, FLORIDA 33301 / (954) 524-5505

d. **Section 825.102(3), Florida Statutes, and the Caregiver Argument do Not Change the Outcome**

Joel and Marlene Patterson assert that, because of section 825.102(3), Florida Statutes, they are entitled to sue the uninsured tortfeasor[5] (and therefore their own UM carrier) for Andrea Patterson's medical bills sustained in the accident. This is simply not the case. Section 825.103, Florida Statutes, provides for criminal penalties for certain actions or omissions and does not provide the Pattersons with a private cause of action against the tortfeasor or their own UM carrier. This is particularly true since any claim they have is necessarily derivative and it has already been decided that Andrea Patterson does not even have a claim against GEICO as her parents' UM carrier. There is nothing in the plain language of section 825.102 to support the Pattersons' claims.

Section 825.102(3), Florida Statute, provides:

(3)(a) "Neglect of an elderly person or disabled adult" means:

> 1. A caregiver's failure or omission to provide an elderly person or disabled adult with the care, supervision, and services necessary to maintain the elderly person's or disabled adult's physical and mental health, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the well-being of the elderly person or disabled adult; or

> 2. A caregiver's failure to make a reasonable effort to protect an elderly person or disabled adult from abuse, neglect, or exploitation by another person.

> Neglect of an elderly person or disabled adult may be based on repeated conduct or on a single incident or omission that results in, or could reasonably be expected to result in, serious physical or psychological injury, or a substantial risk of death, to an elderly person or disabled adult.

> (b) A person who willfully or by culpable negligence neglects an elderly person or disabled adult and in so doing causes great bodily harm, permanent disability,

---

[5] But, as noted before, Joel and Marlene Pattersons have never made a claim against the alleged uninsured motorist's insurer and have not attempted to bring an action against the alleged uninsured motorist.

10

or permanent disfigurement to the elderly person or disabled adult commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(c) A person who willfully or by culpable negligence neglects an elderly person or disabled adult without causing great bodily harm, permanent disability, or permanent disfigurement to the elderly person or disabled adult commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Assuming (as must be done for purposes of considering this Motion) that Andrea Patterson is in fact a disabled adult and that her parents are in fact her caregivers under this statute, this still does not compel the result that Joel and Marlene Patterson can sue the tortfeasor in their own name and/or that Joel and Marlene Patterson can recover UM benefits under their GEICO policy.

Section 825.102(3) is a criminal statute that makes it a crime for a caregiver to willfully, or by culpable negligence, neglect an elderly or disabled adult. This statute does not somehow magically give Joel and Marlene Patterson an otherwise non-existent cause of action against the tortfeasor and/or against GEICO, their UM insurance carrier, and no court has ever construed this statute to create such a cause of action. Further, there is nothing in the plain language of this statute to suggest such a cause of action was intended to be created by the Legislature.

In counsel's December 22, 2006, letter to GEICO (attached as Exhibit "H" to the Complaint) wherein he first argued that Joel and Marlene Patterson may be entitled to UM coverage based on their status as "caregivers," counsel cited section 825.102(3) of the Florida Statutes, and attached a copy of *Peterson v. State*, 765 So. 2d 861 (Fla. 5th DCA 2000). The *Peterson* case is a criminal case dealing with the definition and scope of the term "caregiver" in section 825.102 in the context of charges for common law and aggravated manslaughter of an elderly or disabled person. In *Peterson*, there were two brothers that lived with their elderly and infirm mother. They came to an agreement whereby one of the brothers was to provide care to the mother and the other brother was to work and provide money to the family, but had no duty

to care for the mother. The mother was severely neglected and died of complications related to the neglect. The son whose job it was to merely work and provide money for the family was charged and convicted of aggravated manslaughter in connection with his mother's death. (The primary caregiving brother was also convicted, but did not appeal.) The appeals court affirmed the conviction and, after looking at cases from other jurisdictions, held that:

> "Caregiver" logically encompasses more than *just* the person or persons who do the actual physical work of caring for an elderly or disabled adult. It also reaches those who *in fact* are "entrusted" with the responsibility for seeing that an elderly or disabled adult is being cared for in a proper and humane manner.

However, the *Peterson* case is not a civil case, has nothing to do with uninsured motorists coverage, and does not support or compel the Joel and Marlene Patterson's argument that they should be able to recover under their UM policy with GEICO.

## IV.   CONCLUSION

For the reasons set forth herein, GEICO's Motion for Summary Judgment should be granted because there are no disputed issues of material fact and GEICO is entitled to judgment as a matter of law on its claim for declaratory relief finding that there is no coverage available to Joel and Marlene Patterson for their alleged derivative claims against their own UM carrier for an accident their adult daughter was involved in.

SHUTTS & BOWEN LLP / 200 EAST BROWARD BOULEVARD, SUITE 2100 / FORT LAUDERDALE, FLORIDA 33301 / (954) 524-5505

CASE NO. 07-80063-CIV-RYSKAMP

Respectfully submitted,

**SHUTTS & BOWEN LLP**

By: /s/ Edward J. O'Sheehan
    FRANK A. ZACHERL
    Florida Bar No.: 868094
    fzacherl@shutts.com
    EDWARD J. O'SHEEHAN
    Florida Bar No.: 0056790
    eosheehan@shutts.com
    200 East Broward Boulevard
    National City Center, Suite 2100
    Fort Lauderdale, Florida 33301
    Telephone: (954) 524-5505
    Facsimile: (954) 888-3071
    Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of November, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to **Kenneth N. Metnick, Esquire**, Metnick, Levy & Long, P.A., 5150 Linton Boulevard, Suite 320, Delray Beach, Florida 33484.

    /s/ Edward J. O'Sheehan
    EDWARD J. O'SHEEHAN