UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  07-80063  CIV RYSKAMP

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Plaintiff,

vs.

ANDREA PATTERSON *et al*,
    Defendants
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This cause comes before the Court upon Plaintiff's motion for summary judgment **[DE 65]** filed on November 30, 2007.  Defendants filed a response **[DE 72]** on December 13, 2007.  Plaintiff filed a reply **[DE 77]** on December 26, 2007.  Additionally, Defendants filed their motion for summary judgment **[DE 64]** on November 30, 2007.  Plaintiff filed a response **[DE 74]** on December 17, 2007.  Defendants filed a reply **[DE 75]** on December 20, 2007.

**I.**    **Introduction**

This is an action for declaratory judgment regarding an insurance contract.  Andrea Patterson owns her own car and insured the vehicle with Security National Insurance Company in her own name.  Andrea's policy does not include uninsured motorist coverage.  On June 6, 2006, she was driving in Palm Beach County when she was involved in an accident with Jimmac Loften.  Andrea contends that Loften was at fault and that he was uninsured or underinsured.  As a result, she has incurred and will continue to incur medical bills that she is unable to pay.

Andrea's parents, Joel and Marlene Patterson (the Pattersons), help pay Andrea's bills because she has an anxiety problem for which she is considered disabled by the social security administration.  They own two vehicles that GEICO insures.  The insurance on these vehicles

includes uninsured motorist coverage. The Pattersons argue that GEICO's uninsured motorist policy covers Andrea's medical bills from the accident that the Pattersons paid. GEICO, obviously, argues that it is not responsible for these charges.

The parties have agreed to narrow the issues originally presented to this Court. Thus, this Court need only address the second claim presented in the counterclaim. That claim asks this Court to determine whether the contract between GEICO and the Pattersons requires that GEICO reimburse the Pattersons for any of Andrea's medical bills that they paid.

## II.  Discussion

### A.  Summary Judgment Standard

A party is entitled to judgment as a matter of law when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should be entered only when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *See Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir. 1983). Summary judgment is mandated when a plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in favor of the non-moving party. *HCA Health Services of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). The non-moving party bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in his favor. *See Earley v. Champion Int'l Corp.*, 907 F.2d

1077, 1080 (11th Cir. 1990).  The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment.  *See Celotex*, 477 U.S. at 322.

### B. The GEICO Insurance Contract

For the purposes of these motions, GEICO has agreed to view all facts in the light most favorable to Defendant.  As such, GEICO agrees to the facts as Defendant has presented them.  Thus, this Court will render its decision accordingly.

In Florida, insurance contracts are given their plain meaning with any ambiguity construed against the insurer and in favor of the insured.  *Tarus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So.2d 528, 532 (Fla. 2005).  When a contract is clear, Courts must construe them in accord with the plain language as that is the agreement for which the parties bargained.  *Auto-Owners Ins. Co. v. Anderson*, 756 So.2d. 29, 34 (Fla. 2000).  Courts are required to read the policy as a whole so as to give credence to each part of the contract.  *Id*.

The Court has considered the insurance policy between the Pattersons and GEICO in total.  After a review of the entire contract, it appears that section IV is most relevant to this case.

Section IV of the insurance contract provides coverage where an insured is involved in an accident with an uninsured motorist.  This policy covers bodily injury claims resulting from such an accident for any individual named in the policy and any relatives who are residents of the named insured's household.[1]  Since Andrea was a resident of her parent's home, she would be considered an insured.

---

[1] For the purposes of the summary judgment motion, GEICO will agree that Andrea was a resident of both her own apartment and her parents home.  Thus, Andrea would be an insured under the GEICO policy.

Excluded from coverage, however, is an insured's claim for bodily injury where the insured occupied a motor vehicle owned by an insured but not insured under the Liability Coverages Section of this GEICO policy. Both parties agree that Andrea owned her own car, which was not insured by GEICO. Since she was an insured and was driving that car when the accident occurred, there is no contract to cover the Patterson's claims. This contract is clear and unambiguous and therefore must be given its plain meaning.

None of Defendants' arguments regarding criminal statutes punishing those who voluntarily and negligently undertake care of a disabled child are relevant. Even if the Pattersons have a legal obligation to pay their daughter's medical bills, the parties have not created a contract that would obligate GEICO to reimburse the Pattersons' expenses for Andrea's medical bills. These medical bills are no doubt a burden for the Patterson family but there is no agreement between the parties that GEICO would cover this type of charge.

Accordingly, after due consideration of the motions and the record, it is hereby,

**ORDERED AND ADJUDGED** that Plaintiff's motion for summary judgment **[DE 65]** is GRANTED. Accordingly, Defendants' motion for summary judgment **[DE 64]** is DENIED. Final Judgment will be entered by separate order.

DONE AND ORDERED in West Palm Beach, Florida this 15 day of January , 2008.

    /s/ Kenneth L. Ryskamp
    KENNETH L. RYSKAMP
    UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel of record